## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| SuperCooler Technologies, Inc._____Plaintiff,_____- against -_____The Coca-Cola Company, *et al.*,_____Defendants. | 6:23-cv-00187-CEM-RMN |

### DECLARATION OF PETER T. BREJCHA IN SUPPORT OF PAUL HASTINGS LLP'S OPPOSITION TO THE COCA-COLA COMPANY'S MOTION TO DISQUALIFY

I, Peter T. Brejcha, declare and state as follows:

1. I submit this declaration in support of the opposition of Paul Hastings LLP ("**Paul Hastings**") to the motion filed by The Coca-Cola Company ("**Coke**") seeking to disqualify Paul Hastings, Bradley Bondi, Michael D. Wheatley, and Vitaliy Kats as counsel for Plaintiff SuperCooler Technologies, Inc. ("**SuperCooler**") in the above-captioned litigation (this "**Action**"). My declaration is based on my personal knowledge of the facts set forth below.

2. I am a member in good standing of the State Bar of California and am Associate General Counsel at Paul Hastings. I joined Paul Hastings' Office of the General Counsel in 2018. Prior to 2018, I practiced law as a litigator, primarily at Paul Hastings, which I first joined as an associate in 2010.

3. My responsibilities as Associate General Counsel are varied but include being a contact within the General Counsel's office for issues related

to clients' retention of Paul Hastings, including engagement letters.  I often become involved in internal firm discussions about negotiations with prospective clients or current clients over the terms of engagement letters.  I also work closely with the Conflicts Department, which reports to the General Counsel's office, and has primary responsibility for managing conflicts of interest across the firm's 21 offices around the globe and over 1,000 attorneys.

    4.  In order to keep abreast of issues important to law firm general counsel offices, I attend industry conferences and continuing legal education programs focused on these issues, which include managing conflicts of interest.

    5.  A copy of the operative engagement letter between Paul Hastings and Coke, dated March 30, 2021, signed by Paul Hastings partner Jonathan Drimmer and countersigned by Derek J. Gilliam, Corporate Counsel for Coke (the "**Engagement Letter**") is attached as Exhibit 3 to the Declaration of John D. Garretson submitted in support of Coke's motion.

    6.  The Engagement Letter's Terms of Retention include Paul Hastings' standard "waiver of prospective conflicts" (the "**Waiver**") that permits Paul Hastings to represent clients adverse to Coke on unrelated matters, including litigation matters, provided that the other conditions set forth in the Waiver have been met.

    7.  Paul Hastings seeks waivers of prospective conflicts to clients because such waivers are essential to the firm in managing conflicts, particularly

in light of size of the firm and the diversity of its practice. Our clients recognize that prospective waivers are necessary for Paul Hastings given the size and breadth of the firm's practice. Many, particularly sophisticated clients like Coke, also recognize that they are involved in numerous legal matters and employ various law firms to handle them. Some clients are also interested in retaining specific Paul Hastings lawyers because of those attorneys' particularized skills or areas of expertise to handle discrete matters. When clients agree to a prospective waiver for unrelated matters, it is because they understand that, absent such a waiver, the firm might not accept the engagement and because they determine that there is no prejudice to them if Paul Hastings represents an opposing party in an unrelated matter.

8. It is, however, always the client's choice regarding whether or not to agree to Paul Hastings' prospective waiver provision. If clients do not agree to waive prospective conflicts, and some clients do not, then Paul Hastings decides whether or not to proceed with the engagement absent the prospective waiver.

9. I understand that Paul Hastings' practice of requesting that clients agree to prospective waivers to be the common, contemporary approach taken by large law firms to contractually address conflict of interest issues that may arise in the future.

10. I have reviewed and am familiar with the Engagement Letter executed by Coke in this matter. It contains the prospective waiver relating to

3

future litigation against Coke that Paul Hastings routinely requests.  I also understand that Coke specifically negotiated the payment period reflected in paragraph 4 of the Engagement Letter's Terms of Retention (altering the payment period from 30 to 60 days).

11. I am aware that Coke has "Global Guidelines for Outside Counsel," effective as of February 1, 2019, (the "**Guidelines**") posted on Coke's billing system. To my knowledge, no one from Paul Hastings has ever signed or otherwise agreed to be bound by the Guidelines.  The Engagement Letter, not Coke's Guidelines, governs the terms of Paul Hastings' representation of Coke.

12. Paul Hastings has put in place an ethical wall to ensure that Coke's and SuperCooler's respective client confidences are protected and will not be communicated between the respective teams working on those matters.  To establish and maintain ethical walls, the firm uses an information security solution for law firms, called Intapp Walls, that automatically secures the workspaces in the Firm's FileSite electronic document management system so that the documents are only accessible to the authorized timekeepers for each team.  The exclusionary wall created between two teams is integrated with the Firm's financial system such that users who enter time or who have entered time (going back 99 years as the default) to the relevant client or matter for one team are programmatically then barred from accessing the documents associated with the other team's relevant client or matter.  This same program is also integrated

with the Firm's records management program, IRM, so that only authorized timekeepers for each team can access IRM records.

13. I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed within the United States on April 25, 2023.

*Peter Brejcha*
Peter T. Brejcha