**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| SUPERCOOLER TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY, et al.,<br><br>Defendants. | Case No: 6:23-cv-00187-CEM-RMN |

**PLAINTIFF'S SHORT-FORM MOTION TO COMPEL**

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Court's Standing Order on Discovery Motions, Plaintiff SuperCooler Technologies, Inc. ("SuperCooler") moves to compel Defendant The Coca-Cola Company ("Coke") to produce documents in response to SuperCooler's First Set of Requests for Production (the "Requests"). (**Ex. A.**)

Coke refuses to produce any documents in response to the Requests before the Court rules on Coke's motion to compel arbitration (Doc. 103) or the attendant motion to stay discovery (Doc. 106). Coke's objections to the Requests state that its motions render any production of documents "premature," and therefore Coke "will not produce documents." (**Ex B, 6–40.**) Coke cannot unilaterally declare a stay of discovery while its motions are pending. *See Omega Pats., LLC v. Fortin Auto Radio, Inc.*, No. 6:05-cv-1113-Orl-22DAB, 2006 WL 2038534, at *3 (M.D. Fla. July

19, 2006); *CFTC v. Brown*, No. 3:15-cv-354-J-39MCR, 2016 WL 3136847, at *2 n.1 (M.D. Fla. Jan. 28, 2016).

The meet-and-confer process has shown that none of Coke's other objections justifies its refusal. Coke relies on boilerplate objections selectively incorporated throughout its responses. (**Ex B, 3–6.**) Putting aside that boilerplate objections are invalid, none of Coke's objections justifies a *total refusal* to produce. Indeed, one of these supposedly ubiquitous objections was not cited in *any* response, and Coke's relevance objection was incorporated into responses for only three of the forty-five Requests. **(Ex. D, 63:12–64:1.)** Even after SuperCooler clarified purportedly vague terms in the Requests and resolved inapplicable boilerplate objections, **(Ex. C, 45:8–48:16; Ex. D, 60:1–70:9, 107:4–24, 116:9–17, 124:13–126:17, 127:25–129:11, 132:15–134:25, 135:10–136:9, 145:3–147:23)**, and even though Coke admits to collecting and reviewing responsive material, **(Ex. C, 11:1–5, 13:18–14:25, 19:14–23, 29:5–30:12, 33:15–19, 40:22–41:6, 44:10–21; Ex. D, 60:13–19)**, Coke refuses to produce *anything*. **(Ex. C, 19:14–23, 35:4, 44:10–21, 51:5–8; Ex. D., 103:11–105:11.)** Coke's answers during the meet-and-confer reveal that the pending motions are Coke's *only reason* for withholding production. **(Ex. C, 8:20–9:17, 16:2–18, 30:13–31:16, 41:19–44:20, 48:17–49:15, 51:6–52:9; Ex. D, 158:20–161:3.)** Any misgivings Coke may have about confidentiality of specific documents can be addressed through a motion for a protective order. *McKellips v. Kumho Tire*

*Co.*, 305 F.R.D. 655, 661 (D. Kan. 2015) ("While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it generally is not a valid objection for withholding discovery altogether.").

WHEREFORE SuperCooler asks this Court to enter an order: (1) compelling Coke to produce documents in response to SuperCooler's First Set of Requests for Production; and (2) directing Coke to pay the reasonable expenses incurred by SuperCooler in making this motion, including attorney's fees. If the Court wishes SuperCooler to address individually each of Coke's objections, SuperCooler requests leave to file a long-form motion to compel no longer than twenty-five pages.

Dated: September 28, 2023

*/s/Bradley J. Bondi*
Bradley J. Bondi (FBN 162396)
Jeffrey A. Pade (*Pro hac vice*)
Michael D. Wheatley (*Pro hac vice*)
Vitaliy Kats (FBN 118748)
**PAUL HASTINGS LLP**
2050 M Street NW
Washington, DC 20036
Telephone: 202.551.1700
bradbondi@paulhastings.com
jeffpade@paulhastings.com
michaelwheatley@paulhastings.com
vitaliykats@paulhastings.com

Paul Thanasides (FBN 103039)
**MCINTYRE THANASIDES BRINGGOLD ELLIOTT GRIMALDI GUITO & MATTHEWS, P.A.**
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602

Telephone: 813.223.0000
paul@mcintyrefirm.com

*Attorneys for Plaintiff SuperCooler Technologies, Inc.*

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), SuperCooler's counsel certifies that they conferred with Coke's counsel by Zoom on September 20 and 21, 2023, and were unable to reach agreement as to the relief requested in this motion.

/s/*Bradley J. Bondi*
Bradley J. Bondi

**CERTIFICATE OF SERVICE**

I certify that on September 28, 2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/*Bradley J. Bondi*
Bradley J. Bondi