**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SUPERCOOLER TECHNOLOGIES, INC.,

Plaintiff,

v.

THE COCA-COLA COMPANY; METALFRIO SOLUTIONS, INC.; METALFRIO SOLUTIONS, S.A.; COFCO COCA-COLA BEVERAGES (BEIJING) LTD.; HISENSE CO. LTD; QINGDAO HISENSE COMMERCIAL COLD CHAIN CO. LTD.; HISENSE RONGSHENG (GUANGDONG) FREEZER CO. LTD.; HISENSE RONGSHENG (GUANGDONG) REFRIGERATOR CO. LTD.; HISENSE USA CORPORATION; SWIRE COCA-COLA LTD.; SWIRE COCA-COLA HK LTD.; SWIRE GUANGDONG COCA-COLA ZHANJIANG LTD.; and SWIRE PACIFIC HOLDINGS, INC.,

Defendants.

Case No. 6:23-cv-187-CEM-RMN

**ORDER**

This cause comes before the Court for consideration without oral argument on Plaintiff SuperCooler Technologies, Inc.'s ("SuperCooler"), Motion to Compel Production of Documents, Dkt. 156, filed September 28,

2023. On October 5, 2023, Defendant Coca-Cola responded in opposition. Dkt. 159. Upon consideration, Plaintiff's Motion is due to be granted in part.

## I. BACKGROUND

On February 1, 2023, Plaintiff, SuperCooler initiated this lawsuit against Defendant The Coca-Cola Company ("Coca-Cola"). Dkt. 1. An amended complaint adding Defendants MetalFrio Solutions, Inc., and MetalFrio Solutions, S.A., was filed on April 21, 2023, Dkt. 52, and a Second Amended Complaint, adding the remaining corporate Defendants, was filed on July 7, 2023. On August 2, 2023, Coca-Cola filed a Motion to Compel Arbitration, which is still pending before the Court. *See* Dkt. 103. On the same day, Coca-Cola filed a Motion to Stay Discovery, also still pending before the Court. *See* Dkt. 106.

On July 7, 2023, SuperCooler served its First Set of Requests for Production on Coca-Cola. *See* Dkt. 156-1. Coca-Cola objected to each Request stating in part that due to "the premature nature of the request, Coca-Cola's motion to compel arbitration, and Coca-Cola's motion to stay discovery pending resolution of the motion to compel arbitration, Coca-Cola will not produce documents in response to [any] request at this time." Dkt. 162-2 at 7–40.

The motion to compel is now ripe for review.

## II. ANALYSIS

Plaintiff seeks an order compelling Coca-Cola to respond to its Requests for Production and awarding reasonable expenses incurred in filing this motion. Dkt. 156 at 3. The Court construes the Motion narrowly and will only address Coca-Cola's refusal to produce *any* documents because of its erroneous belief that a pending motion to compel arbitration or a pending motion to stay discovery halts all discovery obligations.

### A. Coca-Cola's refusal to engage in discovery is misplaced.

Coca-Cola's wholesale refusal to produce documents because of pending motions to compel arbitration and stay discovery is not well taken. Coca-Cola may not unilaterally decide that it does not have an obligation to respond to discovery requests and produce responsive documents. Pursuant to the Federal Rules of Civil Procedure and the Case Management Scheduling Order in this case, no deadlines are tolled pending the Court's ruling on a motion. *See* Dkt. 63 at 2; *Omega Patents, LLC v. Fortin Auto Radio, Inc.*, No. No. 6:05-cv-1113, 2006 WL 2038534, at *3 (M.D. Fla. July 19, 2006) ("[D]iscovery proceeds without regard to whether a motion to stay discovery is filed; nowhere in the rules is a motion to stay discovery [] self-executing."); *Handbook on Discovery Practice in the United States District Court for the Middle District of Florida*,

Middle District Discovery[1] ("Normally the pendency of [a dispositive motion] will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are *rarely* granted."). For these reasons, Coca-Cola is required to participate in discovery and produce all responsive, non-privileged documents promptly.

### B. The parties are required to engage in good-faith negotiations and execute a confidentiality agreement regarding discovery materials.

Coca-Cola's response to the motion to compel raises another issue. According to Coca-Cola, SuperCooler is refusing to engage in good-faith negotiations with Coca-Cola to execute an agreeable confidentiality agreement. *See* Dkt. 159 at 2. While the Court cannot compel the parties to enter into a confidentiality agreement, the Court can order counsel to engage in good-faith negotiations. If a party unreasonably opposes protecting confidential information, or conversely, baselessly claims protection, then the Court may impose an award of attorney's fees and costs against the offending party or counsel pursuant to Federal Rule of Civil Procedure 37(a)(5).

---

[1] The Court has published guidelines on discovery practice in civil cases. *See Middle District Discovery: A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* (2021), https://www.flmd.uscourts.gov/civil-discovery-handbook. Although "neither substantive law nor inflexible rule," counsel should nevertheless review and consider this publication as "it is an expression of generally acceptable discovery practice in the Middle District." *Id*. at iii.

The parties shall proceed as follows. If a party seeks to protect information, communications or documents, or portions thereof, from discovery because the information is confidential, the party withholding the discovery shall first engage in a conference with counsel seeking the information or documents to resolve any disputes without court intervention. *See* Fed. R. Civ. P. 26(c)(1); Local Rule 3.01(g). Counsel shall meet in person or via telephone to have a genuine, candid, efficient, professional, and detailed discussion that defines and narrows the specific issues as to each item of confidential information. During this conference, counsel for both parties should have a detailed factual discussion in an attempt to define, narrow, and resolve the issues regarding whether the confidential information should be protected during discovery, and if so, the scope of such protection.

In short, counsel for both sides *must* work together to candidly exchange positions, thoughts, and facts to come to a compromise or, if not, at least agree to narrowly define issues and relevant facts as to each item or category in dispute. Counsel are reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." *Middle District Discovery* at Section I.A. Failing to engage in this dialogue is *not* an option. The parties may not present generalized arguments about whether or not large categories of documents or information is protected in any discovery motion.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel Production of Documents (Dkt. 156) is **GRANTED** to the extent that Coca-Cola shall provide documents within its possession, custody, or control that are responsive to SuperCooler's Requests **two weeks** after the execution of a confidentiality agreement;

2. The parties are **directed** to engage in negotiations regarding a confidentiality agreement. If the parties fail to execute a confidentiality agreement, the party seeking to protect documents or information shall file a motion, on or before **October 20, 2023**, not to exceed 10 pages inclusive of all parts, detailing why the information is confidential. Any response to such motion is due on or before **October 27, 2023**, and shall not exceed 10 pages, inclusive of all parts.

3. Plaintiff's Motion is **denied** with respect to the award of attorney's fees and reasonable costs.

**DONE** and **ORDERED** in Orlando, Florida, on October 6, 2023.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record